Opinion issued June 21, 2007











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00361-CR






PAUL PALACIOS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1045177




 


MEMORANDUM OPINION

 Appellant Paul Palacios was convicted by a jury of aggravated sexual assault
for an offense committed on August 3, 1994. See Act of July 18, 1987, 70th Leg., 2d
C.S., ch. 16, § 1, sec. 22.021(a)(1)(B)(iii), (a)(2)(B), (b), 1987 Tex. Gen. Laws 80, 80
(1987 Penal Code section 22.021(a)(1)(B)(iii), (a)(2)(B), (b)). The jury assessed
punishment at imprisonment for 20 years. Appellant brings two points of error,
challenging the legal and factual sufficiency of the evidence. We affirm.

 In point of error one, appellant contends the evidence is legally insufficient to
support his conviction because there is no evidence that the female sexual organ of
the victim was contacted as alleged in the indictment. Instead, he argues that the
evidence could be consistent with contact of the victim's female sexual organ or her
anus. The standard for reviewing the legal sufficiency of the evidence is whether,
after reviewing the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).

 A person commits the offense of aggravated sexual assault if the person
intentionally or knowingly causes the sexual organ of a child to contact or penetrate
the mouth, anus, or sexual organ of another person, including the actor, and the victim
is younger that 14 years of age. 1987 Penal Code section 22.021(a)(1)(B)(iii),
(a)(2)(B). The indictment alleged that appellant "did . . . unlawfully, intentionally and
knowingly cause the sexual organ of [the victim], a person younger than fourteen
years of age and not the spouse of the [appellant], to CONTACT the SEXUAL
ORGAN of [appellant]. In conducting a legal sufficiency review, this Court must
measure sufficiency of the evidence by the elements of the offense as defined by the
hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). Such a charge would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried. Id.

 The victim testified at trial as follows:

 Q Where were you when the defendant first approached you?

 A Laying on the couch with my mom.

 . . . .

 Q What did the defendant do?

 A He took me to the room with him and he had sex with me.

 . . . .

 Q What did he do with you? Where did he take you?

 A He put me on this bed and I had shorts underneath my skirt
- - I mean, dress, I'm sorry - - and he pulled them down and he
put his penis inside of me.

 Q He removed your pants. Did he also remove your
underwear?

 A Yes.

 Q Sitting up? Laying down? Where were you?

 A I was laying down.

 Q On your back?

 A Yes.

 . . . .

 Q Did you see his penis?

 A No.

 Q How do you know that he stuck his penis inside of you?

 A Because I felt something go inside of me and it was pain.

 . . . .

 Q Was he on top of you at this time?

 A He was standing, yeah, he was leaning towards me, yes.

 Q Was he leaning over you?

 A Yes.

 Q And you felt his hips? I'm just asking, what did you feel?

 A His body.

 Q Did you feel his body connect to yours?

 A Yes.

 Q How did it feel when he did this?

 A Painful.

 Q Hurt?

 A Yes.

 Q About how old were you when this happened?

 A How old was I? Around seven or eight.

 Q Did you bleed?

 A Yes, I did bleed.

 

Appellant testified at trial and denied touching the victim.

 Appellant is correct: there is no direct evidence in the record that his penis
contacted the victim's female sexual organ. In a case with a similar fact pattern and
lack of direct evidence, the Texarkana Court of Appeals held that evidence that the
defendant had sex with the complaining victim was legally sufficient to uphold
defendant's conviction when the indictment alleged the defendant committed sexual
assault exclusively by contact between the male and female sexual organs. Glover
v. State, 102 S.W.3d 754, 758-59 (Tex. App.--Texarkana 2002, pet. ref'd)
(circumstantial evidence of each element of offense satisfies State's legal burden
under legal-sufficiency challenge). In this case, reviewing the evidence in the light
most favorable to the verdict, a rational trier of fact could have found that appellant
contacted the victim's female sexual organ.

 We overrule point of error one.

 In point of error two, appellant challenges the factual sufficiency of the
evidence concerning his contact with the victim's female sexual organ. When
conducting a factual-sufficiency review, we view all of the evidence in a neutral light. 
Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will set the verdict
aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and preponderance of
the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the
first prong of Johnson, we cannot conclude that a conviction is "clearly wrong" or
"manifestly unjust" simply because, on the quantum of evidence admitted, we would
have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006). Under the second prong of Johnson, we cannot declare that
a conflict in the evidence justifies a new trial simply because we disagree with the
jury's resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder's evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5. The standard for reviewing the factual sufficiency of the
evidence is whether, after considering all of the evidence in a neutral light, the jury
was rationally justified in finding guilt beyond reasonable doubt. Watson v. State,
204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

 The only evidence contrary to the victim's testimony was appellant's denial
that he touched her on the night in question. After considering all the evidence, the
jury was rationally justified in finding guilt beyond reasonable doubt. We overrule
point of error two.

 We affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


 Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).